IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

| | |
|---|---|
| In re: ) | |
| ) | Case No. 09-17437 MER |
| CCI FUNDING I, LLC, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| CCI FUNDING I, LLC, JANICE STEINLE, ) | Adversary No. 10-1418 MER |
| CHAPTER 11 TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| TRICO REAL ESTATE, L.P., ) | |
| ) | Signed/Docketed |
| ) | September 18, 2012 |
| Defendant. ) | |

**ORDER**

THIS MATTER comes before the Court on the following:

● *Trico Real Estate, L.P.'s Motion for Partial Summary Judgment and Memorandum in Support* (Docket No. 45).

● *The Responsible Officer's Cross-Motion for Summary Judgment and Response in Opposition to Trico Real Estate, L.P.'s Motion for Partial Summary Judgment* (Docket Nos. 54–61).

● *Trico Real Estate, L.P.'s Reply in Support of Its Motion for Partial Summary Judgment* (Docket No. 65).

● *Trico Real Estate, L.P.'s Response in Opposition to the Responsible Officer's Cross-Motion for Summary Judgment* (Docket No. 69).

● *The Responsible Officer's Reply in Support of Cross-Motion for Summary Judgment* (Docket No. 70).

## JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (E) because it involves allowance or disallowance of claims against the estate and the turnover of property of the estate.

## BACKGROUND FACTS

A detailed summary of the background of this matter is found in the Court's Order of August 15, 2012, at Docket No. 94, and need not be repeated here.  Therefore, for purposes of this Order, the Court adopts by reference the facts stated in the August 15, 2012 Order.

On November 30, 2011, Trico Real Estate, L.P. ("Trico") filed its *Motion for Partial Summary Judgment and Memorandum in Support*,[1] seeking judgment in its favor on CCI Funding I, LLC's ("CCIF's") First Claim for Relief, collection under promissory notes.[2]  On January 9, 2012, CCIF's Responsible Officer under the Debtors' confirmed plan, Janice Steinle ("Steinle") filed *The Responsible Officer's Cross-Motion for Summary Judgment and Response In Opposition to Trico Real Estate L.P.'s Motion for Partial Summary Judgment*.[3]  On January 30, 2012, Trico filed its *Reply in Support of Its Motion for Partial Summary Judgment*[4], and Trico filed its *Response in Opposition to the Responsible Officer's Cross-Motion for Summary Judgment*[5] on March 5, 2012.  On March 19, 2012, Steinle filed *The Responsible Officer's Reply in Support of Cross-Motion for Summary Judgment*.[6]

On April 3, 2012, the Court held oral arguments on Trico's *Motion for Summary Judgment* and on *The Responsible Officer's Cross-Motion for Summary Judgment*.  At the commencement of oral argument on these motions, Trico raised for the first time the issue of the Court's constitutional

---

[1] Docket No. 45.

[2] *See Adversary Complaint*, Docket No. 1, which contains the following claims for relief: 1) for recovery of indebtedness of Trico to CCIF under promissory notes; and 2) for disallowance of Trico's proofs of claim.

[3] Docket Nos. 54 through 61.

[4] Docket No. 65.

[5] Docket No. 69.

[6] Docket No. 70.

authority to hear this matter. The Court ordered the parties to "advise the Court, by April 10, 2012, whether they expressly consent to the Court hearing this matter. If there is not consent from all the parties, the parties shall brief the issue of the Court's Constitutional authority to hear this matter, pursuant to the Supreme Court's *Stern* decision, on or before April 30, 2012."[7]

Pursuant to the Court's Order, Steinle filed the CCIF Statement of Consent on April 9, 2012, expressly consenting to the Court's jurisdiction and constitutional authority to hear and enter final orders and judgment in this proceeding.[8] On April 10, 2012 Trico filed the Trico Statement of Non-Consent, stating "[a]t this time, Trico does not consent to the Court's constitutional authority."[9] On April 30, 2012, the CCIF Brief and the Trico Brief were timely filed by the respective parties regarding the *Stern* issues.[10]

On August 15, 2012, the Court entered an Order finding it has the constitutional and statutory authority to address the claims raised in this adversary proceeding.[11] The Court also found no basis for the assertion this Court lacks subject matter jurisdiction. Accordingly, determination of the pending cross-motions for summary judgment is now appropriate.

## THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

Trico's *Motion for Partial Summary Judgment* seeks judgment in its favor on CCIF's First Claim for Relief–collection of the notes. The Motion states CCIF is subject to defenses applicable to CCI, and argues the attached affidavits from Trico's principals establish the defense of CCI's failure to fund and the failure's consequences, which consequences, in part, included Trico's inability to perform the obligations under the promissory notes. Trico contends since such defenses apply to CCIF, judgment should enter in Trico's favor with respect to the alleged loan default and attempt to collect on the loans. Trico states it should either be excused from performance on the notes or allowed a set off against the notes of its damages caused by the failure to fund.

Steinle's *Opposition to the Motion for Partial Summary Judgment*, contains affidavits supporting the following underlying facts of the litigation:

---

[7] Docket No. 71.

[8] Docket No. 73.

[9] Docket No. 74.

[10] Docket Nos. 78 and 80.

[11] Docket No. 94.

- Westminster House Condominiums ("Westminster") is a 134-unit senior independent living facility located in Kingwood, Texas that was built in 1999 by the original owner, Kingwood Village Estates, with financing from Texas Investment Bank. Kingwood Village Estates filed for bankruptcy in 2000. Methodist Retirement Community ("Methodist") purchased Westminster out of bankruptcy but deeded the property back to Texas Independent Bankers ("TIB") in November 2002 due to an inability to sustain profitable occupancy levels.

- Trico is a Texas limited partnership, which was formed by Charles D. Snider, Jr. ("Snider") in or about August 2004 for the purpose of owning and renting Westminster units. Snider is the sole owner and operator of Services by TCJ, which is the general partner of Trico. The limited partners of Trico are Snider's three children, Charles Douglas Snider III, Jennifer Rebecca Wittenberg, and Tracy Lynn Nickel. According to Snider's deposition, Trico has never been profitable, and has generally been unable to meet its obligations and pay its taxes. Prior to closing on the CCI Loans, Trico owned a total of 97 of the 134 Westminster units. According to Trico's Amended Proof of Claim and Snider's deposition testimony, Trico currently owns 119 units.

- Trico had two primary sources of financing prior to the loans that it obtained from "CCI" (the "CCI Loans"). Initially, Trico borrowed approximately $2 million from TIB for the purpose of partially financing Trico's acquisition of 62-65 Westminster units. Then, in or about June 2005, Southwest Guaranty, Ltd. ("Southwest Guaranty") lent $2.825 million to Trico, all but $170,000 of which was used to pay off the TIB Loan.

- Trico sent a letter to CCI on August 18, 2007, requesting a loan in the amount of $9,021,000. The CCI Loans were made pursuant to the terms of three promissory notes dated September 28, 2007, in the principal face amounts of $3,058,333, $3,058,335 and $3,058,332, respectively.

Steinle asserts CCI did not delay in advancing monies to cover the valid funding requests submitted by Trico and CCI had sufficient cash availability to fund the CCI Loans in full. She contends the only funding requests submitted by Trico which were not covered by CCI were requests with insufficient documentation to support them, or with other problems noted by CCI.

In support of her *Cross-Motion for Summary Judgment*, Steinle contends Trico has no valid excuse from its obligations under the loans, and cannot prove any damages against CCI to establish a set-off. Specifically, she alleges pursuant to Section 2.4 of the parties' Loan Agreements, Trico was required to

establish a debtor service reserve account into which it would deposit $17,500 per month for each CCI loan for the first twelve months of the loan, but failed to do so.  In addition, she states the Loan Agreements also provided Trico expressly waived any claims against CCI for "special, direct, consequential, or punitive damages."  Further, she alleges in addition to being in default due to its failure to establish the debt service reserve account, Trico was also in default as of February 2008 when it failed to pay $70,000 in 2007 real estate taxes, and in July 2008 when it failed to make its first interest payment to CCI.  Lastly, Steinle Trico's amended proof of claim indicates CCI loaned Trico over $8.3 million.  Therefore, Steinle seeks summary judgment in her favor on each of the two claims for relief, requesting a judgment on the promissory notes in the principal amount of $8,470,102.61 plus interest and fees, and a judgment disallowing Trico's proofs of claim filed in the CCI and CCIF cases.

In its *Reply in Support of Its Motion for Partial Summary Judgment*, Trico again  states: 1) CCIF is subject to the defenses of Trico against CCI; 2) the claims of CCIF are barred by CCI's failure fully to fund the loans to Trico; 3) the notes are not in default because of the CCI's failure to fund, which caused Trico to be unable to perform under the notes; and 4) the claims of CCIF are subject to set off.  Trico also submits Steinle's Response and Cross-Motion raises the following issues of material fact:  1) whether the claims of CCIF are barred by CCI's failure to fully fund the loans; 2) whether the promissory notes of CCI cannot be held in default because of the failure of CCI to fully fund the loans; 3) whether the alleged non-performance by Trico was caused by CCI's failure to fully fund the loans; and 4) whether the claims of CCIF are subject to set off.

Similarly, Trico's *Response to the Cross-Motion for Summary Judgment* disputes CCIF's contention there are no genuine issues of material fact.  Trico argues the principal balance asserted by CCIF as due and owing on the loans is inaccurate due to set offs and other damages Trico is allowed to take, and because Steinle has not submitted supporting evidence for the amount claimed by CCIF in the Cross-Motion.  Trico also disputes CCIF's statement there is no reason Trico would be excused from repaying the loans, asserting Colorado case law and principles of contract law provide a failure to fund a loan which results in the inability to perform excuses nonperformance.

Steinle's *Reply in Support of Cross-Motion for Summary Judgment* disagrees with Trico's contention genuine issues of material fact exist.  Steinle also argues CCI funded all draw requests submitted by Trico for the purchase of additional units at the Westminster facility, with the exceptions being requests for advances to cover taxes and "marketing" expenses.  She states CCI did not fund those requests because of insufficient documentation and other reasons in accord with the loan agreements.

**DISCUSSION**

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[12] The burden for establishing entitlement to summary judgment rests on the movant.[13] Summary judgment is not appropriate where a dispute exists as to facts which could affect the outcome of the suit under relevant law.[14] A genuine dispute over a material fact exists when the "evidence supporting the claimed factual dispute [is] shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."[15] When reviewing motions for summary judgment, the Court must view the record in the light most favorable to the non-moving party.[16]

In this case, the Court finds both Steinle's and Trico's motions must be denied because of the presence of genuine issues of material fact. Specifically, there has been no evidence provided as to whether CCI's failure to fund the requests it did not fund was reasonable or whether parole evidence should be allowed to indicate the parties' understanding of Trico's and CCI's obligations.

Trico states the purpose of its initial Motion for Partial Summary Judgment is to establish certain affirmative defenses and defenses which would bar any assertion of default on the part of Trico and excuse its performance under the three promissory notes. However, while Mr. Snider's affidavit alleges CCI only funded part of what was agreed to, and states Mr. Snider was not informed of West LB's involvement and believes the "account" was manipulated, the affidavit also raises an issue of fact as to whether Trico and CCI were partners or borrower and lender. In addition, Exhibits G and S attached to Trico's Motion suggest a partnership may have existed. There is no evidence as to how such documents, or possibly parole evidence, would affect any defense of "failure to fund" in terms of CCI's responsibility as a partner, rather than a lender.

---

[12] FED. R. CIV. P. 56, (as incorporated by FED. R. BANKR. P. 7056); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986).

[13] *Celotex*, 477 U.S. at 323.

[14] *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987).

[15] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-289 (1968)).

[16] *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir. 1988).

Moreover, Exhibit S, an equity and profit sharing agreement, raises issues of fact as to what entities were involved in the transactions. The proofs of claim filed by Trico assert both failure to fund and "damages caused by Equity and Profit Split Agreement" as sources for Trico's claims. Without factual evidence as to the failure to fund and as to the effect of the "Equity and Profit Split Agreement," the Court cannot find entitlement to judgment as a matter of law for either party.

For her part, Steinle contends CCI funded all properly documented funding requests submitted to Trico relating to the acquisition of additional condominium units, and timely funded all of the properly documented draw requests submitted by Trico. However, Mr. Snider's affidavit contradicts this contention, and raises the issue of whether a failure to fund was justified, and whether cause exists to allow evidence outside the Loan Documents as to the parties' relationship and intent.

## CONCLUSION

For the above reasons,

IT IS HEREBY ORDERED Trico's *Motion for Partial Summary Judgment* and Steinle's *Cross-Motion for Summary Judgment* are hereby DENIED.

Dated September 18, 2012                BY THE COURT:

                                        Michael E. Romero
                                        United States Bankruptcy Judge